# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
ERIC CRENSHAW

**DEFENDANTS**
CITY OF NEW HAVEN; ALLYN WRIGHT and TORREY TOWNSEND

(b) County of Residence of First Listed Plaintiff NEW HAVEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Norman A. Pattis
649 Amity Road, Bethany, CT 06524
203-393-3017

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
violation of due process 14th amendment, breach of implied warranty of fair dealing, defamation underCT law

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE DOCKET NUMBER

DATE
08/28/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC L. CRENSHAW,<br>Plaintiff, | : | |
| v. | : | CV_______________ |
| CITY OF NEW HAVEN,<br>ALLYN WRIGHT,<br>TORREY TOWNSEND,<br>Defendants. | : | AUGUST 28, 2014 |

**COMPLAINT**

1. This is an action alleging a violation of the plaintiff's right to due process of law as guaranteed by the fourteenth amendment to United States Constitution, and to breach of the implied warranty of fair dealing, tortious interference with contractual expectations and defamation arising under the common law of the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and, 42 U.S.C. Section 1983.

3. Eric L. Crenshaw was at all times relevant to this action, and he remains, an adult resident of the City of New Haven.

4. The City of New Haven, herein after "the City," is a municipality organized and operating under the laws of the State of Connecticut. It maintains a Fire Department to provide city residents with protection against fire-related injury and property damage. The city uses a civil service system to qualify, selection and appoint firefighters. The civil service system is managed by the city's human resources department.

5. At all times relevant to this action Allyn Wright was the chief of the New Haven Fire Department, and was the highest ranking employee of the department setting day-to-day policies and procedure. He also had final appointment authority for qualified candidates for entry-level firefighters within the context of the civil service rules governing the selection and appointment of firefighters. He is sued in his individual and official capacities. Defendant Wright was acting under color of law at all times relevant to this action.

6. Torrey Townsend is an adult resident of the City of New Haven, and a private citizen. She is sued in under the common law of the State of Connecticut for tortuous interference with contractual relations and defamation only.

7. The plaintiff applied for an entry-level position as a firefighter in the City of New Haven in March 2013. He duly passed the civil service examination and was one among others with a perfect score on the examination. He was placed on a certified list of those eligible for appointment on July 30, 2013. That list expires in July 2015. The defendant City of New Haven made the defendant a conditional offer of employment on September 23, 2013. The defendant subsequently satisfied all of the conditions specified by the City to make him eligible for appointment. He was given an appointment to appear at the City's Fire Training Academy on April 8, 2014 to be fitted for the gear necessary to complete the Academy training program.

8. The plaintiff began the application process while the department was under the leadership of then-chief Grant. During the application process, Chief Grant was replaced by defendant Wright, who served first as interim chief and then was made

full chief of the department. The decision to jettison the plaintiff was made by defendant Wright.

9. On June 2, 2013, the City's personnel director notified the plaintiff that the City had determined that his background investigation had proven unsatisfactory, and that his name was being removed from Eligible List 13-14. The City's Civil Service Board subsequently took administrative action to remove the plaintiff's name from the list of those eligible for appointment.

10. At all time relevant to his application to become a firefighter in the City, the plaintiff had made a full, complete and honest disclosure of all material facts and circumstances regarding his personal history, responding truthfully and completely to every inquiry made by the City and its agents.

11. As he was studying the civil service examination, the plaintiff made the acquaintance of Torrey Townsend, who was herself studying to become a firefighter. Defendant Townsend and the plaintiff studied for examination together. For a brief period, the plaintiff and defendant Townsend were in a dating relationship. The relationship ended in early 2012.

12. Defendant Townsend had a criminal conviction that could bar her from service on the New Haven Fire Department and hoped to have her conviction expunged by the state's Board of Pardons. When the Board failed to expunge her record, she accused the defendant in March 2012 of making an anonymous call to disparage her, and assaulted the plaintiff. Thereafter, the plaintiff sought an order of protection against her in the Superior Court for the Judicial District of New Haven on March 9, 2012.

13. Defendant Townsend thereafter sought an order of protection against the plaintiff in the same court on March 14, 2012, claiming that the plaintiff had assaulted her. An evidentiary hearing was held in the Superior Court on March 21, 2012, and defendant Townsend's action was dismissed.

14. No criminal charges ever issued against the plaintiff as a result of Ms. Townsend's claim.

15. Upon information and belief, defendant Townsend sent an anonymous letter to City officials which arrived at the New Haven Police Department on March 23, 2012, claiming that the plaintiff had threatened to kill fire commissioners because he had previously been denied a position on the department. The allegations are untrue, and the plaintiff has never made such a threat. Police investigated the allegations of the anonymous letter and closed the investigation within one week on March 30, 2012.

16. All of the aforesaid facts and circumstances were known to the City at the time Mr. Crenshaw was given a conditional offer of employment.

17. During her brief dating relationship with the plaintiff, defendant Townsend became a close acquaintance of Allyn Wright, who was, before his appointment as Chief of the Fire Department, a senior member of the department with close connections to the Board of Fire Commissioners and President of the City's Civil Service Board.

18. Ms. Townsend disparaged the plaintiff to defendant Wright in an effort to keep the plaintiff from being appointed as a firefighter. Defendant Wright decided to block the appointment of the plaintiff to the Fire Department in an effort to appease defendant Townsend, with whom he was intimately involved beginning in at least 2012.

19. Defendant Wright submitted the application and supporting paperwork submitted to the City by the plaintiff to exacting review in order to find pretextual reasons to remove him from the list.

20. Upon information and belief, the defendant Wright and the City determined that the plaintiff had not been candid in a question about drug use, wherein he stated he had used marijuana 1-5 times in the past, where, in fact, he had used it 5-10 times. In addition, the defendants concluded he had failed accurately to report outstanding debts by failing to mention an old $104 small claims judgment against him. The City also stated that the anonymous letter and other anonymous information played a role in its decision.

21. The stated reasons for removing the plaintiff from the eligibility list were pretextual and offered in bad faith. The actual reasons were the actual malice of defendant Wright in his misplaced effort to satisfy the desire of his sometime companion defendant Townsend. Defendant Wright failed to disclose his relationship with an antagonist of the plaintiff at the time he set about destroying the plaintiff's employment prospects.

22. Upon information and belief, defendant Wright also prevailed upon member of the Civil Service Commission and the Board of Fire Commissioners to reject the plaintiff's application to become a firefighter.

23. As a direct and proximate result of the acts and omissions of the defendants described herein, the plaintiff suffered loss of employment opportunity, consequential damages, emotional distress damages, and the loss of his right to due process of law.

24. The plaintiff asserts the following claims against the City of New Haven: violation of his right to due process of law and breach of the implied warranty of fair dealing.

25. The plaintiff asserts the following claims against defendant Wright: violation of his right to due process of law and tortious interference with contractual expectations.

26. The plaintiff asserts the following claims against defendant Townsend: defamation and tortuous interference with contractual expectations.

WHEREFORE, the plaintiff seeks damages as follows:

A. Compensatory damages against all defendants;

B. Punitive damages as against defendants Wright and Townsend;

C. Attorney's fees arising under 42 U.S.C. Section 1988;

D. Declaratory judgment in the form of an order restoring the plaintiff to List 13-14;

E. Such other relief as this Court deems fair and equitable.

**JURY CLAIM**

The plaintiff claims trial by jury.

The Plaintiff,

BY:____________________

NORMAN A. PATTIS
Juris No, ct13120
The Pattis Law Firm, LLC
649 Amity Road
Bethany, CT 06524
V 203-393-3017
F 203-393-9745
npattis@pattislaw.com