**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ERIC L. CRENSHAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:14-cv-01249 (VLB) |
| | : | |
| | : | |
| CITY OF NEW HAVEN, | : | |
| ALLYN WRIGHT, | : | September 30, 2015 |
| AND TORREY TOWNSEND | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS
COMPLAINT [Dkt. ## 27, 29, and 31]**

Plaintiff, Eric Crenshaw ("Crenshaw"), brings this action pursuant to 42
U.S.C. § 1983 against the defendants, the City of New Haven ("New Haven") and
Allyn Wright ("Wright") (collectively the "Public Defendants") claiming that they
violated his Fourteenth Amendment right to due process.  Plaintiff also brings
state law claims against the Public Defendants and against Torrey Townsend
("Townsend"), a private citizen. The defendants filed motions to dismiss pursuant
to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the
Defendants' Motions to Dismiss are GRANTED as to Plaintiff's federal claim and
the Court declines to exercise supplemental jurisdiction over the remaining state
law claims.

**I.    Background**

The following facts alleged in the Complaint are taken as true for the
purposes of this motion.

1

In March 2013, Plaintiff applied for an entry-level firefighter position with Defendant New Haven.  [Dkt. #1, Compl. at ¶ 7].  He subsequently passed a civil service examination and was placed on a certified list of those eligible for employment on July 30, 2013 (the "Eligible List").  [*Id.*].  While Plaintiff asserts that he received "a perfect score on the examination," he acknowledges that he "was one among others" who did so.  [*Id.*].  Plaintiff does not identify his position on the Eligible List.  Employees placed on the List were eligible for appointment through July 2015.  [*Id.*].  Plaintiff also received an appointment to appear at New Haven's Fire Training Academy to be fitted for the gear necessary to complete the Academy training program.  [*Id.*].  Plaintiff does not state whether he attended this Academy, but contends that he satisfied "all of the conditions specified by [Defendant New Haven] to make him eligible for appointment."  [*Id.*].

However, on June 2, 2014, after Plaintiff's name had been on the Eligible List for nearly a year, New Haven's personnel director notified Plaintiff that New Haven had performed a background investigation, and the results were unsatisfactory.  [*Id.* at ¶ 9].  Accordingly, Plaintiff was informed that his name would be removed from the list.  [*Id.*].[1]  Following this notice, New Haven's Civil

---

[1] The Complaint states that Plaintiff was informed of the removal of his name on June 2, 2013.  [Dkt. #1 Compl. at ¶ 9].  Specifically, Plaintiff contends that "the City's personnel director notified the plaintiff that the City had determined that his background investigation had proven unsatisfactory, and that his name was being removed from Eligible List 13-14."  [*Id.*].  Defendant New Haven attached as an exhibit to its motion a letter to Plaintiff from New Haven's personnel director, dated June 2, 2014, containing nearly verbatim language to that which appears in the Complaint.  *See* [Dkt. #28-3, Ex. C to Def.'s Mot. to Dismiss].  Because the Complaint references, summarizes, and relies upon language from this letter in support of his claims, the Court may properly consider it at this stage.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see*

Service Board took administrative action to remove Plaintiff's name from the Eligible List.  [*Id.*].

Plaintiff asserts that the removal of his name, which had the effect of "block[ing] the appointment of the plaintiff to the Fire Department," came at the behest of Defendant Wright.  [*Id.* at ¶ 18].  During the relevant period, Wright was the chief of the New Haven Fire Department.  [*Id.* at ¶ 5].  Plaintiff alleges that Wright undertook an "exacting review" of his application and supporting paperwork in order to "find pretextual reasons to remove him from the list."  [*Id.* at ¶ 19].  In particular, Defendants Wright and New Haven determined that Plaintiff "had not been candid in a question about drug use" and had "failed accurately to report outstanding debts."  [*Id.* at ¶ 20].  Defendant New Haven also stated that an anonymous letter sent by Defendant Townsend years earlier, and other anonymous information "played a role in its decision" to remove Plaintiff from the List.  [*Id.*]  Accordingly, Plaintiff's application was ultimately rejected.  [*Id.* at ¶ 22].

Plaintiff contends that the reason Wright performed this review was to appease Defendant Townsend, with whom Wright had a personal relationship, which began in 2012.  [*Id.* at ¶ 18].  Plaintiff met Townsend while studying for the civil service examination, and the two briefly dated, until early 2012.  [*Id.* at ¶ 11]. The relationship ended poorly, with Townsend accusing Plaintiff of sabotaging

_____

*also* [Dkt. #1 Compl. at ¶¶ 7, 9, 16].  In addition, given that Plaintiff elsewhere claims that his name was first added to the List on July 30, 2013 (over a month *after,* according to the Complaint, Plaintiff's name was *removed* from the List), for purposes of this motion, the Court relies upon the date appearing on the letter.  [*Id.* at ¶ 7].

her attempt to expunge a prior conviction and subsequently assaulting Plaintiff. [*Id.* at ¶ 12].  As a result of this personal animosity, Defendant Townsend disparaged Plaintiff to Defendant Wright in an effort to prevent Plaintiff from being appointed a firefighter.  [*Id.* at ¶ 18].

II.    Legal Standards

A.     Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can

4

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, at this stage, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

B.   Procedural Due Process

In order to state a valid claim under 42 U.S.C. § 1983, a plaintiff must show that the conduct in question deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and that the acts were attributable, at least in part, to a person acting under color of law. *Reed v. Medford Fire Dep't Inc.*, 806 F. Supp. 2d 594, 609 (E.D.N.Y. 2011); *see also* 42 U.S.C. § 1983. Here, Plaintiff brings a procedural due process claim pursuant to § 1983. *See* [Dkt. #1, Compl. at ¶¶ 23-24]. To adequately allege a due process

claim, a plaintiff must plead facts showing that he possess a liberty or property interest in the benefit or right of which he was deprived.  *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).

     1.   <u>Property Interest</u>

The Supreme Court has instructed that, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  A plaintiff "must, instead, have a legitimate claim of entitlement to it."  *Finley v. Giaccobe*, 79 F.3d 1285, 1296 (2d Cir. 1996).  Property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ."  *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir. 2005).

"A property interest arising out of public employment may result from an explicit or implicit understanding between the employer and the employee, a contract, formal or informal rules, policies and practices of the employer, or the course of dealing between the employer and the employee."  *Roche v. O'Meara*, 175 F. Supp. 2d 276, 282 (D. Conn. 2001) (quoting *Clark v. Mercado*, No. 98-7934, 1999 WL 373889, at *2 (2d Cir. May 28, 1999) (unpublished)).  "While state law determines whether a public employee has a property interest in continued employment, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  *Ciambriello*, 292 F.3d at 313 (quoting *Ezekwo v. NYC Health & Hosps. Corp.*, 940 F.2d 775, 782 (2d Cir. 1991)).

Accordingly, a set of principles has emerged in this Circuit offering a framework for determining whether a particular property interest in employment is protected by the Due Process Clause.  First, "before one can develop a property right in employment, one must – at a minimum – be employed." *Kosinski v. Connecticut State Dep't of Educ.*, No. 3:10-cv-0805 (CSH), 2011 WL 1134236, at *5 (D. Conn. Mar. 24, 2011).  Accordingly, "[j]ob applicants cannot have a property interest in their prospective employment."  *Id.* at *6 (citing *Coogan v. Smyers*, 134 F.3d 479, 487 (2d Cir. 1998) (holding that a prospective employee "had no property right or entitlement to the position")).  Indeed, even certain categories of employees, such as employees at-will or temporary employees do not have a property interest in their employment.  *See Walker v. Daines*, No. 08-cv-4861 (JG)(LB), 2009 WL 2182387, at *8 (E.D.N.Y. Jul. 21, 2009) ("It is well-settled that a temporary or at-will employee has no property interest in his employment, and thus may not invoke the protections of the Due Process Clause.") (citing *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002)).

At bottom, "[i]n the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without cause."  *S&D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988).  "If an officer's removal is discretionary or incident to other functions, the plaintiff does not have a property right." *Rubeor v. Town of Wright*, No. 1:13-cv-0612 (LEK/CFH), 2014 WL 636323, at *2 (N.D.N.Y. Feb. 18, 2014) (citing *Schwartz v. Mayor's Comm. on Judiciary of City of N.Y.*, 816 F.2d 54, 56 (2d Cir. 1987)).

2.    <u>Liberty Interest</u>

The Due Process Clause protects "the right of the individual . . . to engage in any of the common occupations of life." *Roth*, 408 U.S. at 572. It does not, however, "grant a liberty interest in any particular employment position." *Kosinski*, 2011 WL 1134236, at \*5 (citing and quoting *Roth*). Instead, "[a] decision not to hire does not implicate [a] [p]laintiff's liberty interest unless that decision 'effectively prohibits [him] from engaging in a profession, or pursuing any job in a given field.'" *Id.* (quoting *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 169 (E.D.N.Y. 2009)).

A protectable liberty interest may also arise in connection with a "loss of reputation" when "coupled with some other tangible element." *Valmonte v. Bane*, 18 F.3d 992, 999 (2d Cir. 1994). However, a "'stigma plus' is required to establish a constitutional deprivation." *Id.* To bring a stigma-plus claim, a plaintiff must allege "(1) the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state imposed burden . . . in addition to the stigmatizing statement." *Velez*, 401 F.3d at 87 (quotation omitted). The defamatory statement "must be sufficiently public to create or threaten a stigma." *Id.* The burden imposed by the stigmatizing statement must be "a specific and adverse action clearly restricting the plaintiff's liberty." *Id.* at 87-88.

Stigma-plus claims may be brought in the public employment context, such as when "a defamatory statement about an employee . . . is made during the course of that employee's termination from employment." *Donato v. Plainview-*

*Old Bethpage Cent. School Dist.*, 96 F.3d 623, 630 (2d Cir. 1996).  They may also arise in the course of the hiring process.  *See Kosinski*, 2011 WL 1134236, at *5 (applying stigma-plus doctrine to due process claim arising from refusal to interview plaintiff) (citing *O'Connor v. Piersen*, 426 F.3d 187, 195 (2d Cir. 2005)).  However, to set forth a stigma-plus claim, the plaintiff must allege "that the government made stigmatizing statements about him–statements that call into question plaintiff's good name, reputation, honor, or integrity."  *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004) (citation and quotation omitted).  In addition, to satisfy the "plus" element, the burden the employer imposes must be sufficiently adverse, "such as the loss of employment or the termination or alteration of some other legal status or right . . . . A negative impact on job prospects is insufficient."  *Walker*, 2009 WL 2182387, at *9 (citing *Velez*, 401 F.3d at 87-88 and *Valmonte*, 18 F.3d at 1001).

      3.    <u>Constitutional Deprivation</u>

      In the context of a procedural due process violation, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*"  *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 609 (E.D.N.Y. 2011) (citing *Zintermon v. Burch*, 494 U.S. 113, 125 (1990)) (emphasis in original).  Thus, "[t]o plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process."  *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013).  Specifically, "a plaintiff must 'first identify a property

right, second show that the [government] has deprived him of that right, and third show that the deprivation was effected without due process." *Id.* (quoting *Local 342 v. Town Bd. of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994)).  As to the third requirement, in order to survive a motion to dismiss, "a plaintiff must plead facts sufficient to give rise to a claim that he was deprived of his property without constitutionally adequate pre- or post-deprivation process."  *Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012).

Moreover, in the employment context, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards."  *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002) (quoting *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001)).  Where a plaintiff is afforded "a remedy for alleged violations of due process, the plaintiff may not complain about the sufficiency of a due process remedy by singling out one stage in the administrative proceedings and ignoring the rest of the array of procedures available to him."  *Id.* (citing *Campo v. NYCERS*, 843 F.2d 96, 101-02 (2d Cir. 1988)).

III.   <u>Analysis</u>

A.   <u>The Complaint Fails to Plead a Sufficient Property Interest</u>

Plaintiff advances two potential property interests: (i) his employment as a firefighter and (ii) his position on the Eligible List.  *See* [Dkt. #36, Pl.'s Opp. at 5]. Given the allegations in the Complaint, neither of these constitutes a legally sufficient property interest.

1.    <u>Plaintiff Does Not Have a Property Interest in His Employment as a</u>
      <u>Firefighter</u>

The Second Circuit instructs that "a prospective employee . . . ha[s] no
property right or entitlement to [a] position."  *Coogan*, 134 F.3d at 487; *see also
Kosinski*, 2011 WL 1134236, at *6 ("[B]efore one can develop a property interest in
employment, one must—at minimum—be employed.").  However, this does not
mean that a property interest in employment cannot arise prior to the time in
which the employee commences his employment.  *See Cancel v. New York
Human Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. May 23,
2013) (reversing dismissal of due process claim where plaintiff alleged he was
offered a position, signed a form accepting it, received a start date, and where
commencement of the position was "subject only to the completion of ministerial
tasks prior to his start date").  For a property interest to attach, the employee
must be "provided a written guarantee or an explicit indication that [plaintiff]
should expect to be employed."  *Looney v. Black*, 702 F.3d 701, 709 (2d Cir. 2012)
(finding that none of the "documents or interactions" offered by the prospective
employee "provided a written guarantee or an explicit indication that [plaintiff]
should expect to be employed" and as a result left plaintiff "with nothing more
than a unilateral expectation").

The Complaint makes clear that at no time was Plaintiff employed by
Defendant New Haven, nor did he otherwise receive a "written or verbal
communication guaranteeing government employment."  *Cancel*, 527 F. App'x at
44 (citing *Looney*, 702 F.3d at 708 and *Ezekwo*, 940 F.2d at 783).  At most, Plaintiff
received "a conditional offer of employment" and was placed on a list of

individuals who could be offered employment.  [Dkt. #1, Compl. at ¶¶ 7, 16].  On multiple occasions, courts within this Circuit have declined to find that a conditional offer of employment yields a valid property interest.  *See Walsh v. Suffolk Cnty. Police Dep't*, No. 06-cv-2237 (JFB)(ETB), 2008 WL 1991118, at **2, 7 (E.D.N.Y. May 5, 2008) (applying New York law and finding that plaintiff who signed a conditional offer of employment which included condition of satisfying an on-going background investigation did not have property interest in continued employment); *Int'l Union, Sec., Police, & Fire Prof'ls of Am. (SPFPA) v. U.S. Marshal's Serv.*, 350 F. Supp. 2d 522, 535 (S.D.N.Y. 2004) (finding contract language did not create a property interest, "especially when the contract explicitly makes employment conditional upon medical certification").

Plaintiff fares no better under Connecticut jurisprudence.  When considering the question of conditional employees in the state employee context, the Connecticut Supreme Court held that "a 'conditional' employee subject to summary termination" is akin to "a probationary employee."  *Coppola v. Personnel Appeal Bd.*, 174 Conn. 271, 272-73, 386 A.2d 228, 228-229 (Conn. 1978).  Courts have subsequently held that, "under Connecticut law, [a] plaintiff ha[s] no property right in his probationary employment."  *Ratti v. Lopes*, No. H-85-222, 1985 WL 5969, at *2 (D. Conn. Jun. 3, 1985); *see also Hoffman v. McNamara*, 630 F. Supp. 1257, 1261 (D. Conn. 1986) (finding no property interest in Connecticut law where plaintiff "was a probationary police officer").[2]

---

[2] The *Coppola* court reached its conclusion upon examining the "categories of nonpermanent employees" contained in the relevant statute and noting that "the category of 'conditional employee' does not appear in the statutes or

Connecticut law further precludes a finding of a property interest in Plaintiff's employment based upon Plaintiff's presence on the Eligible List because even when an individual appears on this list, it is far from certain that he will be appointed a firefighter.  When a vacancy arises, "[n]o appointments or promotions within any class shall be made from an eligible list except from those with the three highest scores" on the relevant examination.  *See* Civil Service Rules of the City of New Haven, Rule V, Sec. 6.  Plaintiff does not plead any facts as to his standing on this list, nor would it have changed the outcome had he done so.  This is because even among the three highest scorers, "the Board of Fire Commissioners . . . ha[s] the discretion to promote one of the top three candidates."  *New Haven Firebird Soc. v. Board of Fire Com'rs of New Haven*, No. 288183, 1992 WL 134440, at *2 (Conn. Super. Ct. Jun. 9, 1992).  The provision of discretion dooms Plaintiff's claim of a property interest.  *See Honulik v. Town of*

---

regulations."  *Coppola*, 174 Conn. at 273-74, 386 A.2d at 229.  No such definition appears in either the Civil Service Rules of the City of New Haven, applicable to the firefighter position Plaintiff sought, nor in the relevant Article of the New Haven City Charter.  *See* Civil Service Rules of the City of New Haven, at 2 (Feb. 1, 2008), *available at* http://www.cityofnewhaven.com/HumanResources/pdfs/New%20Haven%20Civil%20Service%20Rules%20Adopted%2011-19-07%20and%20Effective%202-1-08_v1.pdf (last viewed Sept. 30, 2015) (defining a "Permanent Employee" as "[a]n employee who has successfully completed his or her probationary period," and a "Probationary Employee" as one "who has not completed his or her working test period"); NEW HAVEN CITY CHARTER, Art. XIII. Sec. 1 (Aug. 5, 2013), *available at* https://www.municode.com/library/#!/ct/new_haven/codes/code_of_ordinances?nodeId=TITONE_CONSISTS_FINAL_REPORT_CHARTER_REVISION_COMMISSION_PROPOSED_REVISED_CHARTER_APPROVED_BOARD_ALDERMEN_PURSUANT_C.G.S._7-191_D_NEW_HAVEN_AUGUST_5_2013_ANNOTATED_TITICH (last viewed Sept. 30, 2015).  Plaintiff does not allege that he completed a working test period, and would thus appear to be considered, at most, a probationary employee under Connecticut law.

*Greenwich*, 293 Conn. 698, 722-23, 980 A.2d 880, 894-95 (Conn. 2009) (reversing trial court and finding no property interest rooted in a promotion where plaintiff appeared on promotional list and received the highest examination score because town retained "discretion to hire any candidate certified to the promotional list"); *Honis v. Cohen*, 18 Conn. App. 80, 84-85, 556 A.2d 1028, 1030 (Conn. App. 1989) (rejecting due process claim based on lack of sufficiently defined property interest where plaintiffs challenged failure to promote from eligible list); *see also Tinney v. City of New Haven*, No. 3:11-cv-1546 (SRU), 2014 WL 1315653 at *4 (D. Conn. Mar. 31, 2014) (finding no property interest where plaintiffs appeared on eligible list for promotion since the process "does not eliminate the City's discretion" and dismissing due process claim).

### 2.    Plaintiff Does Not Have a Property Interest in His Position on the Eligible List

Plaintiff raises several arguments in support of his claim that he "had a federally protected property interest in his position on the eligibility list."  [Dkt. #36, P's Opp. at 5].   None of these arguments succeed.

First, citing to *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972), Plaintiff asserts that Plaintiff and Defendant New Haven "share[d] a mutual understanding" that Plaintiff's "job prospects will not rise or fall on whether he has a former girlfriend with a grudge against him, whose current boyfriend occupies the Chief's chair."  [Dkt. #36, Pl.'s Opp. at 6].  However, even if such a mutual understanding did exist, this understanding is distinct from the one discussed in *Perry*, which concerned "mutually explicit understandings that support [a plaintiff's] claim of entitlement *to the benefit*" at issue.  *Perry*, 408 U.S.

**14**

at 601.  An understanding that a certain condition should not impact an applicant's job prospects does not equate to an understanding that Plaintiff was entitled to remain on the Eligible List in the absence of such a condition.  *See Broadnax v. City of New Haven*, No. CV 980412193S, 2000 WL 1871893, at *4 (Conn. Super. Ct. Dec. 5, 2000) (rejecting claim of property interest based on "an employment environment generally free of discrimination" within the New Haven Fire Department and granting motion to strike federal due process claim), *aff'd in part and rev'd in part*, 270 Conn. 133, 175, 851 A.2d 1113, 1140 (Conn. 2004) (affirming without examining trial court's dismissal of federal due process claim).

Second, Plaintiff raises language from the New Haven City Charter in support of his alleged property interest.  *See* [Dkt. #36, Pl.'s Opp. at 7].  None of this language is sufficient to establish such an interest.  The section first states that "all appointments and promotions [] shall be made according to merit and fitness to be ascertained so far as practicable by competitive examinations." [*Id.*].  Plaintiff does not dispute that he was appointed "according to merit and fitness."  [*Id.*].  Instead, Plaintiff challenges his removal.  As regards removal, the Charter prohibits any person from "willfully or corruptly mak[ing] any false statement . . . in regard to any . . . removal."  [*Id.*].  That the Charter prohibits certain conduct in connection with removing an individual from the Eligible List does not alone create a property interest in appearing on such a list, where one otherwise does not exist.

Reliance on these Charter provisions is unavailing for other reasons as well.  The Charter provisions cited by the Plaintiff give the Defendants the

authority to determine an applicant's fitness and preclude them from making false statements with respect to a removal of a candidate from the List.  Plaintiff acknowledges that the Defendants found him unfit based on statements he provided regarding his use of marijuana and his outstanding debts; but he does not deny the truth of these statements.  On the contrary, he equivocates, offering a general assertion that, "[a]t all time[s] relevant . . . the plaintiff had made a full, complete and honest disclosure *of all material facts and circumstances* . . . responding truthfully and completely to every inquiry made by the City and its agents."  [*Id.* at ¶ 10 (emphasis added)].  Thus the Plaintiff tacitly admits that the discrepancies uncovered by Defendant New Haven were true, but that they were immaterial.  Their materiality is a discretionary matter and the Charter authorizes the Defendants to exercise discretion.  In addition, even assuming the Plaintiff had unequivocally told Defendants the truth in both instances, and accepting Plaintiff's contention that the information contained in Townsend's anonymous letter was false, Plaintiff does not allege that the New Haven Fire Department officials knew that the statements upon which they found the Plaintiff unfit were false.

Third, Plaintiff's reliance on *Stana v. School Dist.*, 775 F.2d 122 (3d Cir. 1985) and *Ardito v. City of Providence*, 263 F. Supp. 358 (D. R.I. 2003), two cases arising in different Circuits and under Pennsylvania and Rhode Island law in support of an alleged property interest under Connecticut law, is misplaced.  *See Taravella v. Town of Wolcott*, 599 F.3d 129, 142 n. 6 (2d Cir. 2010) ("[W]e look to state law to determine whether [] a plaintiff has a protected property interest

16

when she makes a procedural due process claim.").[3]  Instead, Connecticut courts have declined to find a property interest, for due process purposes, in a candidate's appearance on an Eligible List.  *See Gomola v. Eastwood*, No. CV 980358191, 1999 WL 234658, at *3 (Conn. Super. Ct. Apr. 13, 1999) (holding that intervening defendant did "not have a constitutionally protected interest in his ranking on the Fairfield Fire Department's" eligible list for promotions where defendant's rank on list was lowered following discovery of scoring error); *Bombalicki v. Pastore*, No. 378772, 2001 WL 267617, at *4 (Conn. Super. Ct. Feb. 28, 2001) (holding plaintiff did not have "a property interest in his prospective promotion" notwithstanding determination that relevant "promotion list violated the [New Haven] Charter provision in question" because "[t]he appointing authority ha[d] unfettered authority to choose among [the top three] candidates, and any individual candidate can be passed over with impunity").

## B.    The Complaint Fails to Plead a Liberty Interest

Plaintiff also fails to allege facts plausibly establishing a liberty interest. Plaintiff appears to allege a liberty interest based on (i) his "prospects for employment with the New Haven [Fire] Department" and (ii) a stigma-plus claim arising from Defendant Townsend's "character assassination of the plaintiff."

---

[3] Similarly unpersuasive is Plaintiff's citation to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).  *See* [Dkt. #36, Pl.'s Opp. at 13].  Loudermill was a "classified civil service employee" who could not be removed without good cause.  *Id.* at 538-39.  Here, Plaintiff does not contend that Defendant New Haven could not remove him from the Eligible List (or decline to appoint him a firefighter) absent good cause.  *See Donato*, 96 F.3d at 630 (concluding "*Loudermill* provide[d] [the plaintiff] no help" where plaintiff "lacked tenure" or any other right against dismissal absent good cause).

[Dkt. #36, Pl.'s Opp. at 18-19; Dkt. #1, Compl. at ¶¶ 12, 15, 18].  Neither of these theories succeeds.

Plaintiff's claim of a liberty interest in his employment as a New Haven firefighter necessarily fails because he does not (nor could he) allege that his removal from a single eligible list effectively bars him from being a firefighter, either in New Haven at some later point, or elsewhere in the state.  *See Roth*, 408 U.S. at 575 ("It stretches the concept too far to suggest that a person is deprived of liberty when he is simply not rehired in one job but remains as free as before to seek another"); *see also Cityspec*, 617 F. Supp. 2d at 169.  Moreover, Plaintiff does not have a separate liberty interest in his future employment prospects.  *Walker*, 2009 WL 2182387, at *9; *see also Valmonte*, 18 F.3d at 1001 (finding "that the deleterious effects which flow directly from a sullied reputation" such as "the impact that defamation might have on job prospects" to be "insufficient" to support a liberty interest).

Plaintiff's stigma-plus theory also fails for at least two reasons.  First, the defamatory statements Plaintiff complains of were made by *Defendant Townsend*, "a private citizen."  [Dkt. #1, Compl. at ¶ 6; *see also id*. at ¶¶ 15, 18; [Dkt. #36 at 18 ("The complaint alleges that the catastrophic entanglement of defendant Torrey Townsend (plaintiff's former girlfriend) with newly-installed Fire Chief Allyn Wright, and *her subsequent character assassination of the plaintiff*, caused an unwarranted punishment to be inflicted on the plaintiff.") (emphasis added)].  To state a stigma-plus claim, the Plaintiff must allege that "*the government* made stigmatizing statements about him."  *Patterson*, 370 F.3d at 330 (emphasis

added); *Kosinski*, 2011 WL 1134236 (finding plaintiff could not satisfy elements of a stigma-plus claim where he failed to allege that defendants made any defamatory statements).  As for the Public Defendants, the Complaint merely charges them with taking action based on Defendant Townsend's statements, or in response to her requests.  *See* [Dkt. #1, Compl. at ¶¶ 16, 18-22].[4]  Second, the burden Plaintiff raises, damage to "his prospects for employment," are insufficient to satisfy the second prong of his claim.  [Dkt. #36, Pl.'s Opp. at 19].[5]

## C.   The Complaint Fails to Plead Facts Establishing a Denial of Process

Finally, even if Plaintiff had a property or liberty interest in his employment as a firefighter or his position on the Eligible List, Plaintiff's due process claim remains legally deficient because he does not "plead facts sufficient to give rise to a claim that he was deprived of his property without constitutionally adequate pre- or post-deprivation process."  *Ahlers*, 684 F.3d at 62.  The Complaint pleads no facts regarding "what process [Plaintiff] was due but not provided."

*Dechberry v. New York City Fire Dep't*, No. 14-cv-2130 (KAM), 2015 WL 4878460, at

---

[4] While the Complaint states that the Public Defendants "determined that the plaintiff had not been candid in a question about drug use" and had "failed accurately to report outstanding debts," nowhere does Plaintiff allege that they made any statements to this effect.  [Dkt. #1, Compl. at ¶ 20].  Even assuming that they did make those statements, the Plaintiff does not dispute the accuracy of these statements, as noted above.  *See supra* at 15-16.

[5] To the extent the Complaint may be construed as raising a substantive due process claim, the claim "overlaps entirely" with Plaintiff's procedural due process claim, and should therefore be dismissed.  *Rother v. NYS Dep't of Corrs. & Cmty. Supervision*, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013); *see also Roman v. Velleca*, No. 11-cv-1867 (VLB), 2012 WL 4445475, at *10 (D. Conn. Sept. 25, 2012) ("[S]ubstantive due process claims must be dismissed where they are merely duplicative of claims explicitly protected under other constitutional sources.").

*23 (E.D.N.Y. Aug. 14, 2015). It instead offers only the conclusory assertion that the Public Defendants "violat[ed] [] his right to due process of law." [Dkt. #1, Compl. at ¶¶ 24-25]. This is plainly insufficient to provide the Public Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests[.]" *Jenkins v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 09-cv-12, 2009 WL 3682458 (RMB) (MHD), at *9 (S.D.N.Y. Oct. 29, 2009). *See Dechberry*, 2015 WL 4878460, at *23 (dismissing due process claim where plaintiff's complaint stated only that "she was 'terminated without due process'").[6]

D.    The Court Declines to Exercise Supplemental Jurisdiction

Having dismissed Plaintiff's due process claim, the Court declines to exercise supplemental jurisdiction over his remaining state law claims, in accordance with "the practice preferred by the appellate courts." *N.K. ex rel. Kelly v. Morrison,* No. 3:11-CV-1977 (CSH), 2014 WL 4388552 at *5 (D. Conn. Sept. 5, 2014) (citing *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994)).

---

[6] Moreover, the June 2, 2014 letter Plaintiff received from Defendant New Haven's personnel director notified Plaintiff of "a meeting scheduled for June 10, 2014 at 12:30 PM at City Human Resources, 200 Orange Street, New Haven, CT" at which "the Civil Service Board will consider and act upon removal of [Plaintiff's] name from Eligible List 13-14." [Dkt. #28-3, Ex. C to Def.'s Mot. to Dismiss at 1]. The letter indicates that at the time Plaintiff was notified, the Board had not yet decided to remove Plaintiff's name. Thus, this letter constituted pre-deprivation notice. Plaintiff also does not allege whether or not he attended this meeting, nor does he claim that this meeting was insufficient to constitute a pre-deprivation hearing. Indeed, the Complaint omits any mention of this meeting or any other opportunity to be heard. "[P]laintiff may not complain about the sufficiency of a due process remedy by . . . ignoring the rest of the array of procedures available to him." *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002) (citing *Campo v. NYCERS*, 843 F.2d 96, 101-02 (2d Cir. 1988)).

IV.     <u>Conclusion</u>

For the foregoing reasons, Plaintiff's due process claim is DISMISSED

WITH PREJUDICE.  Plaintiff's state law claims are DISMISSED WITHOUT

PREJUDICE.  The Clerk is directed to close the file.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 30, 2015